## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ALEXANDER C. HITZ | ) | |
| and | ) | |
| THOMAS L. SHAW, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **Civil Action** |
| v. | ) | **File No. 1-05-CV-1413 (WSD)** |
| | ) | |
| SUNTRUST BANK | ) | |
| f/k/a | ) | |
| TRUST COMPANY OF | ) | |
| GEORGIA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MOTION TO RECUSE

Pursuant to 28 U.S.C. § 455, Plaintiffs Alexander C. Hitz and Thomas L. Shaw respectfully move this Honorable Court for the recusal of Judge William S. Duffey from this action.  This motion is supported by an accompanying brief with exhibits and all other matters of record in this action.

Respectfully submitted this 8th day of September, 2005.

_____
Eric C. Lang
Georgia Bar No. 435515
The Lang Legal Group LLC
1800 Century Place – Suite 570
Phone 404.320.0990
Fax 404.320.0908
elang@langlegal.com
Atlanta, Georgia  30345

Counsel for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **ALEXANDER C. HITZ** | ) | |
| **and** | ) | |
| **THOMAS L. SHAW,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action** |
| **v.** | ) | **File No. 1-05-CV-1413 (WSD)** |
| | ) | |
| **SUNTRUST BANK** | ) | |
| **f/k/a** | ) | |
| **TRUST COMPANY OF** | ) | |
| **GEORGIA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO RECUSE

## I.   INTRODUCTION

Pursuant to 28 U.S.C. § 455, Plaintiffs Alexander C. Hitz and Thomas L.

Shaw respectfully request that this Honorable Court recuse Judge William S.

Duffey from this action.  Judge Duffey was an associate at the law firm of King &

Spalding from 1981-1987 and a partner at the law firm of King & Spalding from

1987-1994 and 1995-2001.  In this action, Plaintiffs seek relief for breaches of

fiduciary duty against a King & Spalding client (Defendant SunTrust Banks, Inc.)

alleging conflicts of interest between that client and another King & Spalding

client (The Coca-Cola Company).  Defendant SunTrust has identified two King &

Spalding partners (John Wallace and George Lanier) as witnesses.  Further,

another beneficiary of one of the trusts at issue in this action (Laura Sauls Wallace)

is married to one of those King & Spalding partners (John Wallace) and is

represented by another former King & Spalding partner (Frank Jones), who served

as co-counsel with Judge Duffey in at least one reported case.  Plaintiffs

respectfully submit that these facts require Judge Duffey's recusal.

**II.**     **STATEMENT OF FACTS**.

   **A.**     **Judge Duffey's Former Affiliation with King & Spalding.**

   Judge William S. Duffey is the judge assigned to this action.  According to

Judge Duffey's biography posted on the Department of Justice's website, Judge

Duffey was an associate at King & Spalding from 1981 to 1987, and a partner

there from 1987-1994, and again from 1995 until 2001. (http://www.usdoj.gov/olp/

duffeyresume.htm, attached as Exhibit 1.)   King & Spalding promotes Judge

Duffey's former affiliation with that firm.  In the "News Room" section of King &

Spalding's website, the "News Archive" for June 2003 notes that "K&S alumnus

and U.S. Attorney William Duffey [was] included in the June 27 [Atlanta Business

Chronicle] list of the 'Most Influential Atlantans.'" http://www.kslaw.com/

our_firm/ks_inthenews_archive.asp, attached as Exhibit 2.)

**B.** **This Action Is Permeated By Links to King & Spalding.**

    **1.** **Plaintiffs Seek Recovery Against One King & Spalding Client and Allege Conflicts of Interest Involving Another King & Spalding Client**

King & Spalding, according to its website, was founded in Atlanta in 1885.[1] King & Spalding's website states that the firm has "800 attorneys and offices in Atlanta, Houston, London, New York and Washington, D.C."  (See "Our Firm," http://www.kslaw.com/our_firm/our_firm.asp attached as Exhibit 3.) Despite its expansive size and broad geographic presence, King & Spalding lists but 25 representative clients on its website.  Among those 25 are Defendant SunTrust and The Coca-Cola Company.  (See "Client List," http://www.kslaw.com /our_firm/clientlist.asp attached as Exhibit 4.)

As explained in the Complaint, Plaintiffs are beneficiaries of trusts established under their Grandfather's Will (the "Trusts,"), which was duly admitted to probate in Fulton County, Georgia in 1947. SunTrust is and has always been the trustee of the Trusts and, in such capacity, owed the Beneficiaries the highest fiduciary duties of loyalty, judgment and care. This action arises out of SunTrust's imprudence, gross neglect and breach of its fiduciary duties, which

---

[1] The facts contained in this brief might be considered as self-evident to those involved in this action, but are included at a level of detail designed to preserve a record.  Counsel for Defendant had, after the filing of initial disclosures, suggested via conference call that Judge Duffey recuse himself; Judge Duffey requested that Plaintiffs file this motion.

breaches manifested themselves in the loss of up to 60% of the Trusts' market value since 1998. By way of summary:

- SunTrust breached its fiduciary duties of judgment and care by failing to diversify the Trusts' assets, which have been concentrated as high as approximately 90% in the common stock of The Coca-Cola Company ("Coca-Cola"); by failing to preserve and protect the Trusts' assets, the value of which has fallen by over half since 1998; by failing to monitor the Trusts' investments; and by failing to take into account the financial needs of the Beneficiaries, who have expressly called for diversification for years.

- SunTrust breached the fiduciary duty of loyalty by failing to disclose the nature and extent of its ties to Coca-Cola; and by failing to disclose to the Beneficiaries the consequences of these ties, namely, that SunTrust was incapable of discharging its fiduciary duties, including its duty of impartiality, to the Beneficiaries because of institutional conflicts of interest stemming from its ties to Coca-Cola.

- In addition to these breaches of its fiduciary duties, SunTrust breached an agreement with the Beneficiaries to stay out of court while negotiating a resolution of the dispute between them.

Complaint, ¶ 1.

With respect to SunTrust's conflict of interest arising out of its relationship with Coca-Cola, Plaintiffs allege, based on public records, that SunTrust owns over 48 million shares of Coca-Cola stock for its own account (Complaint ¶ 80) plus at least an additional 68,000,000 shares a fiduciary capacity for the benefit of others (Complaint ¶ 81). Public records show that SunTrust received approximately of $43 million in dividend income on its Coca-Cola stock in 2004 (Complaint ¶ 83) and that SunTrust or its subsidiaries also receive millions of dollars in income from banking and other contractual relationships with Coca-Cola and its subsidiaries. (Complaint ¶ 84.) Additionally Plaintiffs allege the publicly disclosed fact that there are at least three individuals who are currently officers and/or directors of Coca-Cola and officers and/or directors of SunTrust: E. Neville Isdell, M. Douglas Ivester, and James B. Williams. (Complaint ¶¶ 86-89.)

Plaintiffs allege that "The relationship between SunTrust and Coca-Cola makes it impossible for SunTrust to discharge its duties to the Beneficiaries with the independence and impartiality required by law." (Complaint ¶ 90.) As explained in the Complaint:

SunTrust's massive holdings of Coca-Cola stock for its own account make SunTrust incapable of providing prudent, independent and impartial judgment to the Beneficiaries with respect to Coca-Cola stock held by the Trusts. If SunTrust -- acting in its capacity as trustee – were to determine that some or all of the Coca-Cola stock held by the Trusts should be sold, it would be required to make the same determination with respect to all 68 million shares it holds in a fiduciary capacity. Any such determination would adversely impact the market value of SunTrust's own 48 million shares. Accordingly, SunTrust is subject to the natural temptation to retain all 68 million shares of Coca-Cola stock that it holds in a fiduciary capacity, in order to protect the value of the 48 million shares that it holds for its own account. SunTrust simply is unable to evaluate independently and impartially the retention or sale of shares it holds as a fiduciary because of the negative impact such sales would have on the value of the shares it holds for its own account.

(Complaint  ¶ 91.)

The course of this action to date demonstrates that the Judge in this action will be called upon to make decisions with respect to the relationship between these two King & Spalding clients.  SunTrust's answer plainly declares "there is no conflict of interest between SunTrust and Coca-Cola."  (Answer, ¶ 95.)  Coca-Cola's response to a document request seeking "All documents that reflect, refer or relate to the relationship between SunTrust and Coca-Cola," is that, subject to objection, there are no such documents.  (See Exhibit 5, Coca-Cola's Responses To First Request for Production of Documents.[2])  SunTrust has explicitly refused to produce "Documents related to SunTrust's general relationship with The Coca-

---

[2] Please note that the discovery responses attached as exhibits are from *SunTrust Bank v. Hitz, et al.*, In the Superior Court of Fulton County, Civil Action No. 2005 - CV – 98992.

Cola Company — these documents are not relevant to this action . . ..." (See Exhibit 6, SunTrust's Responses to First Interrogatories.)

Further, document production issues with respect to SunTrust and Coca-Cola will concern inquiry into the attorney-client privilege between those entities and the law firm that represented them: King & Spalding. Both SunTrust and Coca-Cola have objected to the production of documents on the ground of attorney client privilege.

>    **2.    This Action Will Also Involve – as Witnesses and Counsel – At Least Three of Judge Duffey's Former Partners.**

John Wallace, George Lanier and Frank Jones were all partners at King & Spalding while Judge Duffey was a partner at King & Spalding. John Wallace and George Lanier have been identified as witnesses in this case. Frank Jones represents an individual who SunTrust contends should be joined to this action. Put another way, three of Judge Duffey's law partners are involved in this case.

>    **a.    John Wallace**

John Wallace, according to the King & Spalding website "practiced with King & Spalding for over 30 years." (Wallace Biography, http://www.kslaw.com/attorney_dir/attorneybrief.asp?532, Exhibit 7.) These dates overlap with Judge Duffey's entire tenure at King & Spalding.

John Wallace is a key player in this action. John Wallace is married to Laura Sauls Wallace. Laura Sauls Wallace is the Plaintiffs' aunt – their late

mother's sister.   (Complaint ¶¶ 22-23.)  Laura Sauls Wallace is also a beneficiary of some of the Trusts at issue in this action.  (Complaint ¶¶26-28.)  Further, as explained by SunTrust in its responses to interrogatories and reinforced in its initial disclosures, John Wallace "has knowledge relating to Trust administration, Trust investment strategy, and his own actions in his capacity as investment advisor to the Trusts."  (See Exhibit 6, Interrogatory Responses; Exhibit 8, SunTrust's Initial Disclosures.)  John Wallace is listed as a potential witness by Plaintiffs and Defendant.  (See Exhibit 8; Exhibit 9, Plaintiffs' Initial Disclosures.)

### b.    George Lanier

George Lanier's connections to this action are similar to John Wallace's. George Lanier was a partner at King & Spalding from 1970 until 2002.   ("Retired Partners,"  http://www.kslaw.com/attorney_dir/retired_partners.asp,  Exhibit  10.) These dates overlap with Judge Duffey's entire tenure at King & Spalding.

As explained by SunTrust in its responses to interrogatories and reinforced in its initial disclosures, George Lanier "has knowledge of legal action taken in connection with the Trusts, including the division of the Trusts and the execution of the Distribution Agreements."  (See Exhibit 6; Exhibit 8.)  George Lanier is listed as a potential witness by Plaintiffs and Defendant.  (See Exhibit 8; Exhibit 9.)  Moreover, because George Lanier's area of knowledge includes "legal action taken in connection with the trusts," there as at least some likelihood that issues

8

concerning the attorney-client privilege will be raised with respect to his testimony and will require ruling by the Court.

### c.    Frank Jones

Frank Jones was a partner at King & Spalding from 1977-2001.  ("Retired Partners," Exhibit 10.)  These dates overlap with Judge Duffey's tenure at King & Spalding.  Judge Duffey and Frank Jones were not "merely" partners in different departments of King & Spalding – they served as co-counsel in at least one reported case  -- *Fleet Finance, Inc. of Georgia v. Jones,* 263 Ga. 228, 430 S.E.2d 352 (1993).

Frank Jones is counsel of record to Laura Sauls Wallace (wife of John Wallace) in *SunTrust Bank v. Hitz, et al.*, In the Superior Court of Fulton County, Civil Action No. 2005 - CV – 98992, identified by the parties as a related case to this action.  SunTrust has suggested that Laura Sauls Wallace should be joined as a party to this action (*See* Joint Preliminary Report.)

### III.    ARGUMENT AND CITATION OF AUTHORITIES.

Recusal is governed by 28 U.S.C. § 455, which states "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  The statute continues and explains that a judge *shall* disqualify himself "[w]here  . . . a lawyer with whom he previously practiced law served during such association as a

lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it." 28 U.S.C. § 455(b)(2).  Although under 28 U.S.C. § 455(a) disqualification may be waived by the parties, disqualification under 28 U.S.C. § 455(b) cannot.

Congress amended the recusal statute in 1974, which "liberalize[d] greatly the scope of disqualification in the federal courts." *United States v. State of Alabama,* 828 F.2d 1532, 1541 (11th Cir.1987). Under section 455, a judge has a "self-enforcing obligation to recuse himself where the proper legal grounds exist." *Id.* at 1540. Most important, the benefit of the doubt must be resolved in favor of recusal. *Id.*  The Eleventh Circuit has gone so far as to vacate decisions spanning "nine years, two states, and numerous appeals" when a District Judge failed to recuse himself.  *Murray v. Scott,* 253 F. 3d 1308, 1313[3] (reversing denial of motion to recuse and vacating all pre-recusal orders, noting "federal judges must early and often consider potential conflicts that may arise in a case and, in close cases, must err on the side of recusal. And if a judge must step aside, it is better to do it sooner instead of later.")

---

[3] Interestingly, both King & Spalding and Plaintiff's undersigned lead counsel (representing different co-defendants in that action) opposed disqualification of the district court judge in that action.

**A.   Judge Duffey Should Be Recused Under 28 U.S.C. § 455(b)(2) Because Two of his Former Partners Are Witnesses**.

This case falls within the core of 28 U.S.C. § 455(b)(2), which mandates recusal when a judge's former law partner is to be a witness in a case concerning facts that occurred while in partnership with the judge.  In *United States v. Patti*, 337 F.3d 1317, 1322 (11th Cir. 2003) (criminal defendant waives right to seek recusal by entering an unconditional guilty plea), the Eleventh Circuit explained the mandatory nature of recusal under Section 455(b):

> subsection (b) sets forth specific circumstances requiring recusal, which establish the fact of partiality . . . subsection (b) is stricter than subsection (a) because the need for a judge's recusal under subsection (b) is clear;  once it has been established that one of the enumerated circumstances exists, there can be no dispute about the propriety of recusal.

337 F.3d 1317 at 1321-22.

Guidance is provided by the Fourth Circuit's decision in *In re Rodgers*, 537 F.2d 1196 (4th Cir. 1976) (granting writ of mandamus disqualifying district judge). In *Rodgers*, the defendants sought disqualification because "professional services rendered by a former law partner of the judge while they were members of the same firm before the judge took office" were at issue in the litigation.  537 F.2d at 1197.  The judge's former law partner prepared documents that would be at issue in the case and would also be called upon to testify at the trial of the case.  537 F.2d at 1197, 1198.  The Fourth Circuit reasoned that the defense of the case, "in

part at least, will consist of evidence of matters in which the judge's former partner

served as a lawyer." 537 F.2d at 1198. The court concluded that:

> We hold, therefore, that the former partner's representation of Pimlico
> with respect to the consolidation study and his preliminary work for
> the attempted purchase of Marlboro before the judge withdrew from
> the firm is a matter in controversy within the meaning of 28 U.S.C. §
> 455(b)(2). The legislative history indicates that disqualification under
> this statutory provision is mandatory.

537 F.2d at 1198 (footnote omitted).

In this case two of Judge Duffey's former partners will be called upon to

give testimony with respect to events that occurred before such time that Judge

Duffey left King & Spalding in 2001. Defendant SunTrust has already produced

or provided outside of discovery numerous documents on King & Spalding

letterhead from the time that Judge Duffey was a partner there. Exhibit 11 consists

of a *sampling* of such documents from 1981 through 2001 – these are not all the

documents, and containing only communications *from* King & Spalding (as

opposed to numerous communications *to* King & Spalding). This case falls

squarely within the ambit of Section 455(b), and Judge Duffey should be recused

accordingly.

### B.    <u>Judge Duffey Should Be Recused Under 28 U.S.C. § 455(a)<br>Because His Impartiality Might Reasonably Be Questioned</u>.

"Any justice, judge, or magistrate judge of the United States shall disqualify

himself in any proceeding in which his impartiality might reasonably be

questioned." 28 U.S.C. § 455(a).   The Eleventh Circuit gathered and explained

the various principles that have been established under this statute as follows:

> A judge should recuse himself under § 455(a) when there is an
> appearance of impropriety.  *See id.* § 455(a).  Section 455(a)
> provides, "Any justice, judge, or magistrate judge of the United States
> shall disqualify himself in any proceeding in which his impartiality
> might reasonably be questioned." *Id*.  "The very purpose of § 455(a)
> is to promote confidence in the judiciary by avoiding even the
> appearance of impropriety whenever possible." *Liljeberg v. Health
> Servs. Acquisition Corp.*, 486 U.S. 847, 865, 108 S.Ct. 2194, 100
> L.Ed.2d 855 (1988).  Thus, the standard of review for a § 455(a)
> motion "is whether an objective, disinterested, lay observer fully
> informed of the facts underlying the grounds on which recusal was
> sought would entertain a significant doubt about the judge's
> impartiality," *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th
> Cir.1988), and any doubts must be resolved in favor of recusal, *United
> States v. Kelly*, 888 F.2d 732, 745 (11th Cir. 1989).

*United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (criminal defendant

waives right to seek recusal by entering an unconditional guilty plea).

Plaintiffs, in this suit, are seeking relief against Atlanta's oldest bank (SunTrust)

concerning its links to Atlanta's largest company (Coca-Cola).  For years, one law

firm (King & Spalding) has represented each of these corporate giants.  It is

manifestly reasonable for Plaintiffs to question whether Judge Duffey – who was

with King & Spalding for twenty years – can be perceived as impartial in this

action.

Indeed, although it is impossible to predict with certainty what mix of issues the judge in this action will be ruling on, it is reasonable to assume that the judge will be asked to rule on the following:

- The scope and extent of the attorney-client privilege between SunTrust and King & Spalding.

- The scope and extent of the attorney-client privilege between Coca-Cola and King & Spalding.

- Admissibility issues relating to testimony from two King & Spalding partners, John Wallace and George Lanier.

- The interpretation of documents prepared by attorneys at King & Spalding, which, if interpreted adversely to SunTrust or Coca-Cola, could expose King & Spalding to claims by either of those entities.

- The scope of discovery that may be taken from King & Spalding.

Plaintiffs are not seizing upon one connection between Judge Duffey and the action at hand.  Plaintiffs have detailed a myriad of connections and situations in which those connections could come into play in this action.  *See, e.g., Potashnick v. Port City Construction Co.,* 609 F.2d 1101, 1104 (5th Cir. 1980) (reversing district court's failure to disqualify where "judge in this case was involved in business dealings with the plaintiff's attorney [and] [t]he judge's father was senior

partner in the law firm representing the plaintiff.")   Here, the numerous connections between Judge Duffey's former firm and this case warrant recusal because, as explained by the former Fifth Circuit:

> Clearly, the goal of the judicial disqualification statute is to foster the appearance of impartiality.  Cf. E. Thode, Reporter's Notes to Code of Judicial Conduct 60-61 (1973).   This overriding concern with appearances, which also pervades the Code of Judicial Conduct and the ABA Code of Professional Responsibility, stems from the recognized need for an unimpeachable judicial system in which the public has unwavering confidence.   As this court has noted, "the protection of the integrity and dignity of the judicial process from any hint or appearance of bias is the palladium of our judicial system." *United States v. Columbia Broadcasting System, Inc.,* 497 F.2d 107, 109 (5th Cir. 1974).  Any question of a judge's impartiality threatens the purity of the judicial process and its institutions.
>
> . . .
>
> Because 28 U.S.C. s 455(a) focuses on the appearance of impartiality, as opposed to the existence in fact of any bias or prejudice, a judge faced with a potential ground for disqualification ought to consider how his participation in a given case looks to the average person on the street.  Use of the word "might" in the statute was intended to indicate that disqualification should follow if the reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality.

609 F.2d at 1111.

## IV.   <u>CONCLUSION</u>.

Recusal is nothing more than a protection that our system of justice provides to itself against conflict and the appearance of conflict.  Plaintiffs are invoking this protection now, such that none of the participants in this case – or for that matter

15

the system itself – need suffer a reprise of *Murray v. Scott,* where a completed case was sent back to square one as a result of an early denied motion for recusal.  It is with that respect for the system that Plaintiffs respectfully submit that Judge Duffey be recused.

Respectfully submitted this __ day of September, 2005.

_____
Eric C. Lang
Georgia Bar No. 435515
The Lang Legal Group LLC
1800 Century Place – Suite 570
Phone 404.320.0990
Fax 404.320.0908
elang@langlegal.com
Atlanta, Georgia  30345

Counsel for Plaintiff

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 5.1

Counsel for Plantiffs certifies that this Motion has been prepared with one of the font and point selections approved by the Court in L.R. 5.1B.

Eric C. Lang, Georgia Bar No. 435515

## **CERTIFICATE OF SERVICE**

The undersigned counsel of record certifies that a true and correct copy of

the foregoing MOTION TO RECUSE was served upon all counsel of record via

United States Mail as well as posting on the PACER system,  as follows:

John T. Marshall
Nicole Jennings Wade
Matthew J. Pearce
Powell Goldstein LLP
One Atlantic Center
Fourteenth Floor
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309

This 8th day of September, 2005

_____
Eric C. Lang
Georgia Bar No. 435515

Attorney for Plaintiffs
Alexander C. Hitz and Thomas L. Shaw

THE LANG LEGAL GROUP LLC
1800 Century Place, Suite 570
Atlanta, Georgia 30345
tel. 404.320.0990
fax 404.320.0908